IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:08cv534

| | |
|---|---|
| CHARLES V. PENLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF REMAND** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand. [Doc. 20].

At the outset, the Court observes that this case became ripe for review on June 10, 2009. The Court had reviewed it prior to the filings of Plaintiff's Motion regarding new and material evidence [Doc. 18] and the instant Motion. [Doc. 20]. Key points observed during that review will be noted and will supplement the relief sought by the parties in the instant Motion.

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he

court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings. Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

The terms that the parties suggest for remand are these: that the Appeals Council direct the administrative law judge (ALJ) to update the record and offer Plaintiff the opportunity for a hearing; to further evaluate the issue of disability, considering all medical evidence in the updated record; and to proceed through the sequential evaluation process before issuing a new decision.

Additional bases and terms for remand suggested by the Court's own review are improper weighing of medical opinion evidence, and inadequate development of the record.

The ALJ's step four findings on residual functional capacity were

based solely on the January 20, 2006, opinion of Thomas Dixon, SDM[1]. As more fully discussed in this Court's recent decision in Nicholson v. Astrue, 1:09cv271, 2010 WL 4506997 (W.D.N.C. 2010), attribution of any weight to the purported medical opinion of a person with no medical credentials whatsoever is error. Disregarding the opinion of the only accepted medical source, Dr. Mabe, in favor of that of an SDM is reversible error. On remand, the ALJ shall base his residual functional capacity findings on accepted source medical opinion weighed as directed by the regulations.

The record displays key gaps in medical evidence. The degenerative disc disease that the ALJ found severe at step two is suggested by record references to various testing and treatment, but the transcript does not contain the records actually showing that diagnosis, testing or treatment. The transcript does not contain the records from his primary treating physicians at the Buncombe County Health Department.

Thus, on remand, the ALJ shall develop the record on Plaintiff's degenerative disc disease. He shall obtain the spinal x-rays as recommended by Dr. Mabe, obtain an RFC assessment from a physician, obtain the medical records of the Buncombe County Health Department,

---

[1] SDM is the Social Security Administration's acronym for Single Decision Maker. The acronym connotes no medical credentials.

3

and obtain the complete records of Blue Ridge Bone and Joint as well as the records of any referring physician.

Finally, in the interest of the efficient administration of justice, the Court would stress to Plaintiff's counsel that its observations that are discussed herein were discovered on its own initiative. Counsel's memorandum was insufficient to lead the Court to such observations. The memorandum is devoid of the assertions of fact and legal authority needed to give the Court any sense of what he specifically challenges about the decision. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand [Doc. 20] is hereby **GRANTED** as amended by the Court's supplemental findings; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Appeals Council remand the case to an Administrative Law Judge ("ALJ") for a new hearing

at which Plaintiff will be able to testify and present evidence, that the Appeals Council instruct the ALJ as follows:

(1) update the record and offer Plaintiff the opportunity for a hearing; to further evaluate the issue of disability, considering all medical evidence in the updated record; and to proceed through the sequential evaluation process before issuing a new decision;

(2) develop the record on Plaintiff's degenerative disc disease, obtain spinal x-rays as recommended by Dr. Mabe, obtain an RFC assessment from a physician, obtain the medical records of the Buncombe County Health Department, and obtain the complete records of Blue Ridge Bone and Joint and any referring physician.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: July 13, 2011

Martin Reidinger
United States District Judge