IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO.1:08cv534

| | |
|---|---|
| CHARLES V. PENLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 23].

## I. PROCEDURAL HISTORY

The Plaintiff Charles Penley initiated this action on November 26, 2008, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on February 18,

2009. [Doc. 9]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of the administrative record. [Doc. 12]. The Government, in response, consented to remand. [Doc. 20]. On July 13, 2011, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 21].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $2,667.50. [Doc. 23]. In response, the Government objects to the reasonableness of a fee representing hours expended in excess of 8.5 hours paralegal time and 12.5 hours attorney time. The Government would agreed to an award no greater than $2,115.00, made payable to the Plaintiff, and subject to offset under the Treasury Offset Program. [Doc. 24].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action.  See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded.  Plaintiff requests an award totaling $ 2,667.50.  In support of this request, the Plaintiff submits a Schedule of Work Done and Time detailing the hours claimed by counsel and paralegals in preparing this case.  [Doc. 23-1].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed.  See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).  The Court has broad discretion to determine

what constitutes a reasonable fee award.  See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).  The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion.  Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

Plaintiff concedes the applicability of the $125 per hour rate.  Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $125.00.

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00 per hour.  The Court finds and concludes that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District.  See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008).

4

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys and paralegal staff are unreasonable. The entries are sufficiently unclear as to leave open the appearance that duplicative, unnecessary, and inefficient work was performed. The Court had previously prodded counsel with regard to some serious inadequacies in his briefing of this case. [Doc. 21 p. 4]. Plaintiff concedes this in the instant motion, and signals his willingness to accept what the Court may find is a "fair amount to pay us, for the work we have done." [Doc. 23 p. 2]. Defendant argues that a reasonable amount of time expended in the prosecution of this case would be 8.5 paralegal hours and 12.5 attorney hours. As this reduction fairly addresses the concerns about duplication and efficiency, the Court concludes that a fee based on those hours is reasonable. In turn, a fee of $2,115.00 is justified.

The Plaintiff requests that the fee award be paid directly to him. As the U.S. Supreme Court in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2010 WL 2346547 (June 14, 2010) found that the "prevailing party" entitled to benefits under the EAJA is the claimant, this will be honored. <u>Astrue</u> at *4-7.

In the event that past-due benefits are awarded on remand, the Plaintiff shall be allowed sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to 42 U.S.C. § 406(b).

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 23] is hereby **GRANTED** in part and:

(1) The Plaintiff is hereby awarded $2,115.00 for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 20 days from the entry of this Order.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: September 10, 2011

Martin Reidinger
United States District Judge